OPINION
Defendant-appellant, Paul Suffecool, appeals the March 24, 1998, Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in Ohio Revised Code Section 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 30, 1982, appellant was indicted on one count of rape in violation of R.C. 2907.02. The indictment alleged that appellant had engaged in sexual conduct with Theresa A. Dyar, not his spouse, who was less than thirteen years of age. At his arraignment on August 12, 1982, appellant entered a plea of not guilty to the indictment.
On January 31, 1983, after the trial court found appellant competent to stand trial based upon the results of a competency evaluation, appellant entered a plea of guilty to rape. Thereafter, on April 7, 1983, appellant was sentenced to an indeterminate term of not less than seven (7) years nor more than twenty-five years in prison. The trial court memorialized the sentence in a Journal Entry filed on April 18, 1983.
Following the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, appellant was returned to Stark County from the Hocking County Correctional Institution for a hearing on January 26, 1998, to determine his status as a sexual predator. The H.B.180 hearing, as it is commonly known, subsequently was continued until March 23, 1998. Prior to the hearing, appellant filed a motion to declare that the retroactive application of H.B. 180 to him violated both the United States and Ohio Constitutions, a motion to find R.C. 2950.09(C) as contrary to the double jeopardy clause, a motion for disclosure of information, and a motion to declare R.C. 2950.09(C) unconstitutionally vague. Pursuant to a Judgment Entry filed on March 24, 1998, the trial court denied appellant's constitutional challenges to the sexual predator law.
At the hearing, the State presented the trial court with a transcript of a statement that appellant had given to the police during their investigation in June of 1982, a psychiatric evaluation report from the Ohio Department of Mental Health that was completed in December of 1982 as a result of appellant's competency evaluation, and the sentencing journal entry. Appellant objected to the State's introduction of the 1982 report arguing that not only was it extremely old, but it also included references to prior uncharged criminal conduct. The trial court admitted the evidence.
Appellant's counsel advised the trial court of appellant's involvement in various programs while incarcerated, including sexual offender programs, anger and stress management classes and group therapy. After consideration of the evidence presented, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision in a Judgment Entry filed on March 24, 1998. It is from this entry Appellant prosecutes this appeal, raising the following assignments of error:
I
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
II
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
III
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
IV
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
V
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III, IV
Appellant's I, II, III, and IV Assignments of Error are overruled on the authority of State v. Nosic (February 1, 1999), Stark App. No. 1997CA00248, unreported, and State v. Bair
(February 1, 1999), Stark App. No. 1997CA00232, unreported.
 V
In his fifth Assignment of Error, appellant argues that the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence as required by R.C.2950.09(B)(3).
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
R. C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
In its Judgment Entry, the trial court considered the above factors. The trial court found that appellant was approximately forty one years old at the time of the offense whereas the victim was twelve years old, that appellant had a prior felony adult record relating to a sexually oriented offense involving a nineteen year old, and that, as evidenced by appellant's confession, appellant exhibited a demonstrated pattern of abuse. Based upon the above factors, the trial court concluded that appellant should be classified as a "sexual predator" as defined in O.R.C. Section 2950.01(E).
The record indicates that there was competent, credible evidence to support each of the findings made by the Court pursuant to R.C. 2950.09(B)(2) and to support the classification of the Defendant as a sexual predator under R.C. 2950.01(E) by clear and convincing evidence. Information presented to the trial Court included: a) the defendant had served eight (8) years in prison for the rape of the nineteen year old woman and another eight (8) years in prison for a parole violation for that offense and had been released from prison in October, 1981 (see State's Ex. 2), b) the rape of the twelve year old had occurred on June 23, 1982, when the defendant put his tongue on the genital area of the twelve year old girl (see State's Ex. 1, pg. 7), c) the defendant admitted he had had the urge to have oral sex before, that he could not do it on his wife, that he had tried to control the urges but it was very difficult and pressure would constantly build up and that no matter how much he had tried to control his sexual urges, "it just seems like something overpowers it and I can't control it and it just keeps going to the point to where it does get me in trouble . . ." (State's Ex. 1, pages 4, 13 and 16) and d) the defendant did not care for older women because they were "all stretched out of shape . . ." and ". . . just don't look right." (See State's Ex. 1, pg. 14)
Based upon our review of the record, we find the trial court's classification of the defendant as a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Appellant's V Assignment of Error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.
By Edwards, J., Gwin, P.J. and Farmer, S. concur
_________________________
_________________________
 _________________________ JUDGES
JAE/mc 0219
JUDGMENT ENTRY
CASE NO. 1998CA00101
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
_________________________
_________________________
 _________________________ JUDGES